UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHAUN FANUCCHI,

        Plaintiff,

   v.

ROSEVILLE POLICE OFFICER
GARRETT (BADGE NO. 351);
CITY OF ROSEVILLE, CALIFORNIA;
UNKNOWN LAW ENFORCEMENT
OFFICERS,

        Defendants.

NO. CIV. S-07-608 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Shaun Fanucchi's ("plaintiff") motion to modify the pretrial scheduling order to permit amendment of his complaint to name two new defendants. Fed. R. Civ. P. 16(b); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).[1]  For the

---

[1] Although plaintiff discusses the good cause requirement of Rule 16 and cites <u>Mammoth Recreations</u>, at times in his motion papers, plaintiff improperly moves for relief pursuant to Fed. R. Civ. P. 15(a).  As a scheduling order is in place in this case, the court construes plaintiffs' motion as a request for relief
(continued...)

reasons set forth below, plaintiff's motion is DENIED.[2]

By a first amended complaint, plaintiff seeks to assert all existing claims for relief against two police officer defendants, who plaintiff asserts are the "unknown law enforcement officers" referenced in the complaint. (Compl., filed April 2, 2007.) Plaintiff alleges Roseville police officers used excessive force in illegally arresting him at a Roseville hotel. (Id.) Plaintiff asserts that through discovery he has recently uncovered the names of two of the officers involved in the incident, and he seeks to amend the complaint to name them as defendants.

Defendant City of Roseville (the "City") opposes the motion, arguing plaintiff was not diligent in discovering the identities of these officers. The City proffers that in November 2006, plaintiff's counsel failed to follow-up and pay for photocopying of a public records act request made to the City of Roseville that would have given him the names of the arresting officers. (Sheidenberger Decl., ¶s 3-5.) Additionally, after this action was filed, on April 30, 2007, the City's counsel sent a letter to plaintiff's counsel, informing him that the City would answer the complaint but there was no "Officer Garrett" as named in the

---

[1](...continued) pursuant to Fed. R. Civ. P. 16(b). Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings in the first instance. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

complaint.  Plaintiff's counsel never responded to the letter.  (Scholar Decl., ¶ 2.)  On May 4, 2007, the City's counsel telephoned plaintiff's counsel leaving him a voicemail message stating that the City was willing to provide a copy of the police report regarding plaintiff's arrest, and the City would be amenable to stipulating to amend the complaint to delete the non-existent "Officer Garrett" and substitute other officers.  Plaintiff's counsel again never responded.  (Id. at ¶ 3.)  The City's counsel wrote to plaintiff's counsel twice in June 2007 reiterating the City's proposal, but plaintiff's counsel did not respond.  (Id. at ¶ 5.)[3]

Instead, it was not until January 23, 2008, the date of plaintiff's deposition, that plaintiff's counsel first asked the City's counsel for a copy of the police report.  That same day, in conjunction with making its other initial disclosures pursuant to Federal Rule of Civil Procedure 26, the City's counsel provided plaintiff with a complete copy of the report.  (Id. at ¶ 9.)

Despite having the information since January 23, 2008, plaintiff did not move to amend the complaint until April 30, 2008.  Pursuant to the court's pretrial scheduling order of November 29, 2007, discovery closes in this case on June 30, 2008.  (Docket #15.)

---

[3] Plaintiff's counsel similarly failed to timely respond to the court's orders regarding preparation of a joint status report.  Indeed, the court issued two orders to show cause to plaintiff's counsel and ultimately sanctioned counsel for his failure to file a joint status conference statement.  (OSCs and Sanctions Order, filed Aug. 10 and Sept. 19, 2007.)

The scheduling order expressly includes citation to Rule 16 and the requirement to show good cause to justify amendment of the pleadings. (Id.);Fed. R. Civ. P. 16(b) (providing that pretrial orders entered before the final pretrial conference may be modified only "upon a showing of good cause"). The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. The pretrial scheduling order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Mammoth Recreations, 975 F.2d at 609. When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." Id. at 610.

When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted). Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to

4

determine whether the amendment was proper.  See Mammoth Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp. at 1232 n.3.

Here, plaintiff has not demonstrated good cause under Rule 16 to permit amendment of his complaint to name the two police officers as defendants.  As set forth above, plaintiff first had the opportunity to discover the identities of these officers in November 2006; he had repeated opportunities through June 2007.  Inexplicably, plaintiff's counsel did not request the police report until January 23, 2008, some eight months after the complaint in this action was filed.  Counsel's "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Mammoth Recreations, 975 F.2d at 609.  There is simply no justifiable reason for plaintiff's delay in failing to discover the true identities of the officers involved.

Plaintiff's sole reliance on Schafer v. El Dorado County, 2007 WL 2409601 (E.D. Cal. Aug. 21, 2007) is inapposite.  Schafer assessed the propriety of leave to amend under Rule 15, not Rule 16 applicable here; also, in Schafer, more than four months remained for discovery, while in this case less than a month remains; finally, in Schafer, there was already a named individual defendant in the case; here, the case has proceeded since November 2007 against the City only (defendant Garrett was dismissed in the pretrial scheduling order).

Moreover, even if plaintiff's counsel's conduct were excusable, plaintiff has wholly failed to explain why he delayed three months after discovering the officers' identities to move to amend--plaintiff only filed the instant motion on April 30,

5

2008, setting the matter for hearing on June 6, 2008. From the date of the hearing, less than a month remains to conduct discovery.

Under these circumstances, plaintiff has failed to satisfy the threshold "diligence" requirement of Rule 16, and thus, his motion must be DENIED.

Finally, although not pertinent to the Rule 16 inquiry, the court also notes that permitting amendment at this juncture in the case, where discovery closes on June 30, 2008, would severely prejudice the City. Officer Garrett was dismissed in November 2007 and this case has proceeded against the City. Under 28 U.S.C. § 1983, plaintiff can assert a claim against the City only pursuant to Monell v. Dept. of Social Servs., 502 U.S. 397, 404 (1997) and its progeny by showing a custom, practice or policy casually linked to the underlying constitutional violation. This liability is distinct from that of an individual public employee acting under color of law which raises issues of direct liability for constitutional violations and qualified immunity for an employee's actions. To permit plaintiff to assert claims against individual police officers would change the complexion of this case and the necessary discovery. The City represents that it has tailored its discovery to date to a Monell claim as no individual officers were named in the action. (Scholar Decl., ¶ 10.) Since discovery closes in less than a month, the court also finds that permitting amendment at this point in the case would unduly prejudice defendant.

1       Plaintiff's motion to modify the pretrial scheduling order
2  to permit amendment of the complaint to add two new defendants is
3  DENIED.
4       IT IS SO ORDERED.
5  DATED: June 13, 2008.

                                _____
                                FRANK C. DAMRELL, Jr.
                                UNITED STATES DISTRICT JUDGE