UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHAUN FANUCCHI,

        Plaintiff,

  v.

ROSEVILLE POLICE OFFICER GARRETT (BADGE NO. 351); CITY OF ROSEVILLE, CALIFORNIA; UNKNOWN LAW ENFORCEMENT OFFICERS,

        Defendants.

NO. CIV. S-07-608 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Shaun Fanucchi's ("plaintiff") motion for reconsideration of the court's June 13, 2008 order, denying plaintiff leave to file a first amended complaint naming two police officers as defendants (the "Order").[1] Plaintiff claimed that through discovery he recently uncovered the names of two of the officers involved in

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

the subject incident, in which he alleges Roseville police officers used excessive force in illegally arresting him at a Roseville hotel, and he sought leave to amend the complaint to name the officers as defendants.

Defendant City of Roseville (the "City") opposed the motion, arguing plaintiff was not diligent in discovering the identities of these officers. The court agreed, holding:

> [P]laintiff first had the opportunity to discover the identities of these officers in November 2006 [when his counsel filed a public records act request which would have disclosed the names of the officers but counsel failed to pay for the photocopying fees and was never provided the information]; [plaintiff] had repeated opportunities through June 2007 [when the City's counsel offered several times to produce the relevant police report in order to demonstrate that there was not an "Officer Garrett" in the department and requested a stipulation to dismiss Officer Garrett from the complaint and substitute other officers but plaintiff's counsel never responded to the City's offers].[2] [Instead], [i]nexplicably, plaintiff's counsel did not request the police report until January 23, 2008, some eight months after the complaint in this action was filed.

(Order at 5.)  The court also noted, as an additional basis for denying the motion, that despite having the relevant information since January 23, 2008, plaintiff did not move to amend the complaint until April 30, 2008.  (Id. at 5-6.)  Pursuant to the court's pretrial scheduling order of November 29, 2007, discovery closed in this case on June 30, 2008.  (Docket #15.)

Under these facts, plaintiff wholly failed to make the requisite "good cause" showing for amendment under Federal Rule of Civil Procedure 16(b).  Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 607-08 (9th Cir. 1992) (the "good cause"

---

[2] Officer Garrett was ultimately dismissed by stipulation of the parties in November 2007.  Since that time, the case has proceeded against the City only.

2

requirement of Rule 16 primarily considers the diligence of the party seeking the amendment). The court therefore denied plaintiff's motion for leave to amend.

Plaintiff now seeks reconsideration of that decision on the ground that due to his counsel's acute and debilitating illness during the relevant time,[3] counsel was not able to diligently seek discovery of the names of these officers. Plaintiff maintains that his counsel's significant illness is well-documented, and that counsel has received relief in other cases pending in this district. (Mem. of P.& A., filed Aug. 27, 2008, ¶ 3 [citing several cases pending in the Fresno Division of this court].) However, significantly, in those other cases, plaintiff's counsel affirmatively sought relief from the court, largely continuances of briefing deadlines, due to his illness; in other respects in these cases, the courts were made aware of plaintiff's counsel's illness and subsequently ordered that despite his substantial illness, he could remain as counsel of record based on his doctors' recommendations. (Id.)

In this case, prior to the instant motion, counsel has not requested any such relief from this court, nor was the court informed by counsel that he suffers from an illness which impacts his ability to litigate this case. Indeed, counsel concedes in this motion that he made a "strategic decision" to file the motion to amend asserting only legal grounds to support granting the motion, rather than any equitable grounds based on his

---

[3] Plaintiff's counsel has submitted *in camera* letters from his treating physicians describing the nature of counsel's illness, which this court acknowledges is a significant illness.

3

personal situation.  Such strategic decisions by counsel do not provide a basis for reconsideration.  <u>Kona v. Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000) (recognizing that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

Absent "highly unusual circumstances," reconsideration of an order is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law.  <u>School Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993); <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003) (recognizing a motion for reconsideration is an extraordinary remedy that should not be granted absent highly unusual circumstances).

In this case, plaintiff has failed to identify such highly unusual circumstances to support his argument that the court's decision was "manifestly unjust."  Obviously, counsel was well aware of his illness during the course of this litigation, and it was incumbent on counsel to seek relief from the court if he could not fulfill his obligations in this case.  Counsel did not do so.  Instead, he waited until only after an unfavorable ruling for his client to explain why his illness allegedly prevented him from properly litigating this case.  Such circumstances do not warrant reconsideration of the court's Order.

1    Moreover, the court further notes that the documents
2 submitted to the court *in camera* discuss limitations counsel
3 experienced over the last few months.  They do not explain why
4 counsel could not have discovered the identities of the relevant
5 officers over the last seventeen months (from November 2006 when
6 the police report was first offered upon payment of the copying
7 costs to April 2008 when the motion to amend was filed).
8    Finally, counsel waited some eleven weeks before bringing
9 this motion for reconsideration.  Discovery closed in this case
10 in June, and the City is currently preparing a motion for summary
11 judgment, which must be heard by the dispositive motion deadline
12 of November 14, 2008.  As the court found in its Order, amendment
13 of the complaint at this late juncture in the case would severely
14 prejudice the City, who has defended this case as the sole
15 municipal defendant since November 2007.  (Order at 6 [noting
16 that plaintiff may press a Section 1983 claim against the City
17 only pursuant to Monell and its progeny and thus, to "permit
18 plaintiff to assert claims against individual police officers
19 would change the complexion of this case and the necessary
20 discovery" since "[municipal] liability [under Monell] is
21 distinct from that of an individual public employee acting under
22 color of law, which raises issues of direct liability for
23 constitutional violations and qualified immunity for an
24 employee's actions").  At the time of the court's Order, less
25 then one month remained for discovery, and thus, the court held
26 that "permitting amendment at [that] point in the case would
27 unduly prejudice defendant."  (Id.)  The same is more true now
28 where discovery closed nearly three months ago and the

5

dispositive motion deadline is a month and one half away.

Accordingly, for all of the above reasons, the court finds no grounds to reconsider its June 13, 2008 Order, denying plaintiff leave to amend to name two police officers as defendants.

IT IS SO ORDERED.

DATED: September 29, 2008

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE