UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHAUN FANUCCHI,

        Plaintiff,

   v.

ROSEVILLE POLICE OFFICER GARRETT (BADGE NO. 351); CITY OF ROSEVILLE, CALIFORNIA; UNKNOWN LAW ENFORCEMENT OFFICERS,

        Defendants.

NO. CIV. S-07-608 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant City of Roseville's ("defendant" or the "City") motion for summary judgment, or alternatively, partial summary judgment.[1] In this action, plaintiff Shaun Fanucchi sues only the City, alleging under 42 U.S.C. § 1983 violations of his right to be free from excessive force and unreasonable search and seizure in relation

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

to his January 26, 2006 arrest for battery on a peace officer and resisting arrest by law enforcement officers employed by the City.[2]  In his complaint, plaintiff alleges unspecified customs, policies or practices of the City led to the ratification of the law enforcement officers alleged constitutional deprivations in this case.  (Compl., filed April 2, 2007, 2:18-19, 5:1-3.)

However, in responding to the City's instant motion, plaintiff "*concedes that there is insufficient evidence of a custom, policy or practice in the record to warrant a trial as to his claim [against the City] under Monell v. Department of Social Services, 436 U.S. 658 (1978) and its progeny.*"  (Opp'n, filed Oct. 22, 2008, at 7:6-8) (emphasis added).  In Monell, the United States Supreme Court held that municipalities are "persons" subject to damages liability under Section 1983 where "action pursuant to official municipal policy of some nature cause[s] a constitutional tort."  Id. at 691.  The Court made clear that the municipality itself must cause the constitutional deprivation, and that a city may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior.  Id.  Thus, the Ninth Circuit has recognized that under Monell, a plaintiff may establish municipal liability in one of three ways:

---

[2] Officer Garrett, named in the complaint, was dismissed pursuant to the parties' stipulation.  (See Status (Pre-trial) Sch. Order, filed November 29, 2007).  The court subsequently denied plaintiff's motion to modify the pretrial scheduling order to permit amendment of the complaint to name two individual officer defendants.  (Mem. & Order, filed June 13, 2008, finding plaintiff failed to demonstrate the requisite good cause pursuant to Fed. R. Civ. P. 16(b) to permit amendment of the complaint; Mem. & order, filed Sept. 29, 2008, denying plaintiff's motion for reconsideration of that order).

2

> First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.  Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself constituted an act of official governmental policy. [T]hird, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (internal citations and quotations omitted).  Here, plaintiff concedes that there is no evidence to support a finding of municipal liability under any of these theories.  (Opp'n at 7:5-13.)

Indeed, in support of its motion, the City proffers evidence that there are no customs, practices or policies of the City which either expressly or implicitly authorize officers of the police department to conduct themselves in a manner resulting in the deprivation of citizens' constitutional rights.  The City submits evidence of its policy manual covering all aspects of police work, including, but not limited to, proper use of force. The City also submits evidence of its officers' substantial training.  (See Def.'s Stmt. of Undisputed Facts, filed Oct. 14, 2008, ¶s 15-23.)  Plaintiff offers no evidence in rebuttal and concedes this fact in his opposition, and therefore, the court must grant defendant's motion for summary judgment.[3]  Fed. R.

---

[3] Because the underlying facts pertaining to plaintiff's arrest are not material to the threshold inquiry under Monell, which considers in the first instance whether there is any custom, practice or policy causally linked to the underlying constitutional violation, the court does not recount those facts
(continued...)

3

Civ. P. 56.[4]

Plaintiff contends the court should grant, however, only partial summary judgment to defendant, arguing that his other claim for declaratory relief, under 28 U.S.C. § 2201, does not require proof of a custom, policy or practice of the City that caused the constitutional violation in this case. As support, plaintiff cites wholly inapposite case law. (Opp'n at 7:20-22, citing Truth v. Kent Sch. Dist., 2008 WL 4138232 (9th Cir. 2008); Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir. 1993); Chaloux v. Killeen, 886 F.2d 247, 250-51 (9th Cir. 1989).) While these cases recognize that the

---

[3](...continued)
herein. Additionally, plaintiff is incorrect in stating at times in his opposition (see Opp'n at 1:24, 3:6-7) that this case involves the issue of the constitutionality of the officers' underlying conduct during plaintiff's arrest. Because plaintiff has not sued any individual officers, this case does not involve the issue of direct liability for constitutional violations and/or qualified immunity for an employee's actions. Therefore, the parties' factual disputes concerning the officers' and plaintiff's conduct during the arrest on January 26, 2006 are not material to the resolution of this motion.

[4] In attempting to establish the existence of a factual dispute, the opposing party on summary judgment is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986). Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Id. at 251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)).

1 strictures of <u>Monell</u> do not apply to a plaintiff seeking
2 prospective relief against municipalities for enforcing allegedly
3 unconstitutional state laws, here, plaintiff makes no such
4 challenge.  Plaintiff is not suing to stop the enforcement of any
5 state law, nor is he seeking a declaration declaring any state
6 laws unconstitutional.  (Compl., filed April 2, 2007); <u>Cf.</u>
7 <u>Chaloux v. Killeen</u>, 886 F.2d 247, 250 (9th Cir. 1989) (finding
8 <u>Monell</u> inapplicable to the plaintiff's case which presented
9 solely a claim for prospective, declaratory relief that the Idaho
10 postjudgment garnishment procedures were unconstitutional and an
11 injunction against the counties' enforcement of the challenged
12 state statutes).  Therefore, there are no legal grounds to
13 support issuance of declaratory relief in this case, and
14 defendant's motion is granted in its entirety.[5]

15     As defendant's motion for summary judgment is GRANTED in
16 full, the Clerk of the Court is directed to close this file.
17     IT IS SO ORDERED.
18 DATED: November 10, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[5] In making this ruling, the court considered plaintiff's substantive arguments as set forth in his sur-reply, filed on November 7, 2008.  (<u>See</u> Pl.'s Obj. to City's Reply Brief, filed Nov. 7, 2008.)  Sur-replies are not permitted by the local rules (E.D. Cal. L.R. 78-230); however, because the City raised some new arguments in its reply, the court considered plaintiff's response thereto.  For the reasons set forth above, plaintiff's sur-reply arguments are unavailing and insufficient to withstand summary judgment.

5